**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION**

| | |
|---|---|
| Career Counseling, Inc. d/b/a Snelling Staffing Services, *a South Carolina corporation, individually and as the representative of a class of similarly-situated persons*,<br><br>                Plaintiff,<br><br>v.<br><br>Amsterdam Printing & Litho, Inc. *et al*,<br><br>                Defendants. | Civil Action No. 3:15-cv-05061-JMC<br><br>**ORDER** |

      This matter involves allegations regarding the unlawful faxing of advertisements and is before the court on Plaintiff's Motion to Preserve Evidence (ECF No. 11), filed on March 4, 2016.

      In its Motion, Plaintiff seeks an order requiring third-party fax broadcaster, WestFax, Inc. ("WestFax"), to preserve data relevant to Plaintiff's claims that may otherwise be deleted since WestFax has indicated that "transmission reports are automatically deleted within 60–90 days following each fax broadcast." (ECF No. 11 at 1–2.) Plaintiff represents that WestFax, Inc. will "preserve the evidence with an appropriate Court Order." (*Id.* at 2.) Plaintiff further states that entry of a preservation order will not prejudice Defendants because "they will have an opportunity to review the subpoena for records directed to WestFax and have the opportunity to object if they so choose." (*Id.* at 3.)

      Generally, a preservation order requires a demonstration that the order is necessary and not unduly burdensome. *Pueblo of Laguna v. United States*, 60 Fed. Cl. 133, 137 (2004). Specifically,

the proponent must show that absent a court order, there is a significant risk that relevant evidence will be lost or destroyed and that the steps to preserve the evidence will be effective, but not overbroad. *Id.* at 138 ("The court should neither lightly exercise its inherent power to protect evidence nor indulge in an exercise in futility."); *see also Almarri v. Gates*, 2008 WL 4449858, at *1 (D.S.C. 2008).

Based upon a review of the record and Plaintiff's Motion, this court finds that Plaintiff has sufficiently demonstrated what *Pueblo of Laguna* requires of it.[1] Accordingly, Plaintiff's Motion to Preserve Evidence (ECF No. 11) is **GRANTED**. WestFax specifically is directed to preserve the following items during the pendency of this case:

a. All electronic mail and information about electronic mail (including message contents, header information and logs of electronic mail systems usage) sent or received by anyone relating to Defendants;

b. All other electronic mail and information about electronic mail (including message contents, header information and logs of electronic mail system usage) containing information regarding Defendants;

c. All databases (including all records and field structural information in such databases); containing any reference to and/or information about Defendants;

d. All logs of activity or any computer system which may have been used to process or store electronic data containing information about Defendants;

---

[1] This court recognizes other courts' application of a different three-factor balancing test, which considers, generally 1) the court's concern in the continued existence of the evidence, 2) irreparable harm to the plaintiff without the preservation order, and 3) the capabilities of the preserving entity to preserve the evidence. *See, e.g.*, *Capricorn Power Co., Inc. v. Siemens Westinghouse Power Corp.*, 220 F.R.D. 429, 433 (W.D. Pa. 2004); *Riego v. Carroll*, 2009 WL 3448850, at *2 (D. Del. Oct. 23, 2009). This court finds that Plaintiff's Motion would also withstand that balancing test.

    e.  All word processing files and file fragments containing information about Defendants;

    f.  With regard to electronic data created by application programs that process financial, accounting and billing information, all electronic files and file fragments containing information about Defendants;

    g.  All files and file fragments containing information from electronic calendars and scheduling programs where such data files contained information about Defendants;

    h.  All electronic data files and file fragments created or used by electronic spreadsheet programs where such data files contained information about Defendants;

    i.  All other electronic data containing information about Defendants; and

    j.  All electronic mail from third party resources (e.g. Hotmail, Yahoo, Gmail, AOL, etc.) that may contain references or correspondence regarding Defendants.

Plaintiff shall provide a copy of this Order to counsel for WestFax. WestFax may file responsive briefing with any objections to this Order within fourteen (14) days from the date of this Order.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

May 13, 2016
Columbia, South Carolina