#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE DISTRICT OF SOUTH CAROLINA
#### COLUMBIA DIVISION

| | |
|---|---|
| Career Counseling, Inc., ) <br> d/b/a Snelling Staffing Services, ) <br> a South Carolina corporation, individually ) <br> and as the representative of a class of ) <br> similarly situated persons, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> Amsterdam Printing & Litho, Inc.; ) <br> Taylor Corporation, John Does 1–10, ) <br> ) <br> Defendants. ) <br> _____) | Civil Action No. 3:15-cv-05061-JMC <br><br> **ORDER AND OPINION** |

This matter is before the court on Plaintiff's Motion to Certify Class (ECF No. 6). Plaintiff alleges that Defendants faxed an advertisement to Plaintiff and others on June 22, 2015 and December 14, 2015 in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 (2012). For the reasons herein, this court **DENIES** Plaintiff's Motion to Certify Class (ECF No. 6) without prejudice and with leave to refile.

### I.     JURISDICTION

Because Plaintiff's claim arises under federal law, this court has subject matter jurisdiction under 28 U.S.C. § 1331 (2012).

### II.     ANALYSIS

*A. The Parties' Arguments*

Plaintiff filed a "Placeholder" Motion to Certify Class (ECF No. 6) on January 4, 2016, expressing that this court should allow the placeholder motion to remain pending in order to avoid the "'unnecessary gamesmanship'" surrounding "pick-off" attempts. (ECF No. 6 at 2

(quoting *Stein v. Buccaneers Ltd. P'ship*, 772 F.3d 698, 708 (11th Cir. 2014).)  Plaintiff also states that it "anticipates that the proposed class definition may change after discovery defines the precise contours of the class and the advertisements that were sent."  (ECF No. 6 at 3.)  Plaintiff therefore requests leave to file supplemental briefing in support of its Motion after it has conducted more discovery.  (*Id.*)

In their Response to Plaintiff's Motion, Defendants claim that Plaintiff has filed the placeholder motion to deny them their right to make an offer of judgment under Rule 68 of the Federal Rules of Civil Procedure.[1]  (ECF No. 21 at 4.)  Defendants argue that the court should deny Plaintiff's motion as premature because Plaintiff seeks class certification ruling based just on its pleadings and before it has conducted discovery.  (*Id.* at 7–10.)  Alternatively, Defendants contend that this court should deny the motion because it fails to comply with Fed. R. Civ. P. 23's requirements for class certification.  (*Id.* at 6 (arguing that Plaintiff's motion fails to overcome the "rigorous analysis" Rule 23 requires).)

*B. The Court's Review*

Soon after Plaintiff filed its Motion to Certify Class, the United States Supreme Court, in a January 20, 2016 decision, held that an unaccepted offer to satisfy the named plaintiff's individual claim "has no force" in mooting a case "when the complaint seeks relief on behalf of the plaintiff and a class of persons similarly situated." *Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663, 666 (2016).  Since *Campbell-Ewald*, the Court of Appeals for the Fourth Circuit has not addressed the related, but separate, issue of whether a defendant can moot a putative Rule 23 class action by picking off a named plaintiff's individual claim with a judgment offer for which

---

[1] "At least 14 days before the date set for trial, a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued. If, within 14 days after being served, the opposing party serves written notice accepting the offer, either party may then file the offer and notice of acceptance, plus proof of service. The clerk must then enter judgment."  Fed. R. Civ. P. 68(a).

funds have been tendered, or with a judgment offer that a named plaintiff accepts.  Neither has the Fourth Circuit explicitly decided whether a pending placeholder motion for class certification can prevent this tactic.

Before *Campbell-Ewald*, some district courts in the Fourth Circuit allowed plaintiffs to rely on a pending placeholder motion to deny unaccepted pick-off offers.  *See, e.g.*, *Chatman v. GC Servs., LP*, 302 F.R.D. 136, 138 (D.S.C. 2014) ("[A]n offer of judgment of complete individual relief to the named plaintiff may not moot a class action, at least where a motion for class certification is pending at the time the offer is made.").  In *Chatman*, after plaintiff filed a placeholder motion with the complaint, the defendant made a pick-off offer and moved to dismiss the case as moot; the court explained that "[l]acking any contrary circuit court decision or guidance from the Fourth Circuit, this court finds that an offer of judgment will not moot a named plaintiff's claim if the offer is made while a motion to certify the class is pending."  *Id.* (declining to extend to the Rule 23 context the United States Supreme Court precedent in the Fair Labor Standards Act context supporting the defendant's position).

Another Fourth Circuit district court had gone further and followed other circuit courts in indirectly suggesting that a placeholder motion is altogether unnecessary because even where no certification motion is pending and the plaintiff has received an offer of complete relief, the putative class plaintiff may continue to seek class certification, which will "relate back" to assess any mootness.  *Kensington Physical Therapy, Inc. v. Jackson Therapy Partners, LLC*, 880 F. Supp. 2d 689, 694 (D. Md. 2012) (following the rationale of *Weiss v. Regal Collections*, 385 F.3d 337, 348 (3d Cir. 2004)).  And in *Campbell-Ewald*, the Court observed that the plaintiff had not moved for class certification before the lower court rejected the defendant's argument that his unaccepted Rule 68 offer mooted the class claims because it came before a class certification

motion. *Campbell-Ewald Co.*, 136 S. Ct. at 668. There is no indication in *Campbell-Ewald* that the district court was in error to reject the defendant's mootness arguments without a class certification motion before it; indeed, the Court ultimately sided with the district court's ruling that the unaccepted Rule 68 offer did not moot the plaintiff's individual and class action claims. *See id.* at 671–72.

Moreover, several district courts have not exactly welcomed Rule 23 "placeholder" certification motions filed with a plaintiff's pleadings. In *Jay Clogg Realty Group, Inc. v. Burger King Corp.*, for example, the plaintiff alleged that the defendant transmitted unsolicited faxes by telephone facsimile machine to class members without consent and filed the complaint and the motion for class certification concurrently to prevent being picked off under Rule 68. 298 F.R.D. 304, 305 (D. Md. 2014). The court denied the plaintiff's motion for certification without prejudice until the plaintiff obtained sufficient discovery "to prevent a prolonged, unresolved motion pending on [the] docket." *Id.* In *Dickerson v. Lab. Corp. of Am.*, the plaintiff simultaneously filed a Rule 23 motion for class certification along with its complaint alleging a class of persons who had allegedly received unsolicited automatic telephone dialing system calls and prerecorded messages for debt collection. No. 8:14-cv-1390-T-30TBM, 2014 U.S. Dist. LEXIS 100323 (M.D. Fla. July 23, 2014). The Court denied the motion for certification as premature, stating:

> [T]here is precious little reason to believe that the two-step dance [Plaintiff] proposes here (file a generic Rule 23 Motion at the outset of the case, then stay it for many months until class discovery concludes and comprehensive briefs are prepared) is grounded in any justifiable fear that the entire class action may be ripped away from her absent such a preventive measure. . . .
>
> Plaintiff's strategy comes with a cost. It burdens the Court with an obviously premature motion that is devoid of content and the motion remains on the Court's docket as pending, which is reflected on the Court's reports for an unspecified period of time.

4

*Id.* at \*4-5; *see also Smith v. Interline Brands, Inc.*, 87 F. Supp. 3d 701, 703 (D.N.J. 2014) ("To permit such a placeholder motion would . . . seem contrary to the spirit of Rule 11(b), Fed. R. Civ. P., which regards an attorney's signature on a motion as 'certif[ying] that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . the claims . . . and other legal contentions are warranted by existing law . . . ; the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for future investigation or discovery . . . .' (quoting Fed. R. Civ. P. 11(b)(2) & (3)).).

At the hearing on this matter, Plaintiff's counsel intimated that he filed the placeholder motion out of precaution to avoid having his class action mooted by a judgment offer to the named Plaintiff, relying especially on existing, somewhat conflicting caselaw. In *Weiss v. Regal Collections*, for example, the Court of Appeals for the Third Circuit rejected the defendants' argument that the class action was moot because they submitted the Rule 68 offer for complete individual relief before the plaintiff filed a motion for class certification. 385 F.3d 337, 348 (3d Cir. 2004), *abrogated on other grounds by Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663, 666 (2016). The court explained that because the "federal rules do not require certification motions to be filed with the class complaint . . . or encourage premature certification determinations," it is appropriate for the class action process to "'play' out according to the directives of Rule 23." *Id.* at 347–48 ("Absent undue delay in filing a motion for class certification . . . where a defendant makes a Rule 68 offer to an individual claim that has the effect of mooting possible class relief asserted in the complaint, the appropriate course is to relate the certification motion back to the filing of the class complaint."). Contrastingly, the Court of Appeals for the Seventh Circuit, in *Damasco v. Clearwire Corp.*, has stated that "a simple solution to the buy-off problem" is for

5

class-action plaintiffs to file a motion "to certify the class at the same time that they file their complaint," the pendency of which "protects a putative class from attempts to buy off the named plaintiffs."  662 F.3d 891, 896 (7th Cir. 2011), *overruled on other grounds by Chapman v. First Index, Inc.*, 796 F.3d 783, 786 (7th Cir. 2015).

As to his concern of the named Plaintiff in this matter being picked off, Plaintiff's counsel explained at the hearing that he had sent a stipulation to defer filing the placeholder motion if Defendants would agree not to make an offer of judgment to the named Plaintiff. Defendants, however, did not agree to the stipulation, as they, allegedly, have not yet made a decision on the offer of judgment.  But soon after Plaintiff's counsel filed the placeholder motion, the United States Supreme Court ruled that an *unaccepted* offer of judgment to a named plaintiff does not moot that plaintiff's individual or class action claims.  *Campbell-Ewald Co.*, 136 S. Ct. at 672 ("Because [the plaintiff's] individual claim was not made moot by the expired settlement offer, that claim would retain vitality during the time involved in determining whether the case could proceed on behalf of a class. While a class lacks independent status until certified . . . would-be class representative with a live claim of her own must be accorded a fair opportunity to show that certification is warranted." (citation omitted).)  The Court's holding in that regard thus appears to render unnecessary Plaintiff's apparent strategy of using a placeholder motion to shield the class action from being mooted by an offer from Defendants if the named Plaintiff ultimately does not accept it.  *See, e.g.*, *Hirst v. Skywest, Inc.*, No. 15 C 02036, 2016 WL 2986978, at *4 (N.D. Ill. May 24, 2016) (stating that the court denied the plaintiff's placeholder motion specifically because of the *Campbell-Ewald* decision).

Of course, this still leaves open Plaintiff counsel's potential concern that an *accepted* offer could moot its class action claims, an issue the *Campbell-Ewald* decision was clear to

6

avoid. *See Campbell-Ewald Co.*, 136 S. Ct. at 672 ("We need not, and do not, now decide whether the result would be different if a defendant deposits the full amount of the plaintiff's individual claim in an account payable to the plaintiff, and the court then enters judgment for the plaintiff in that amount.").[2] But despite such a concern, there is not yet a clear indication that Defendants in this case have made, or definitely plan to make, a Rule 68 offer of judgment to the named Plaintiff. Without that information, this court would be left with indefinitely prolonging a pending, unresolved motion on its docket were it to allow the placeholder motion to linger. This has been an issue to which other district courts understandably have been adverse. *See supra*.

Moreover, as to Plaintiff's evident concerns regarding the fate of its class action claims without a pending motion, this court could uncover no Fourth Circuit precedent to justify Plaintiff's concern that without a pending placeholder motion like the one it filed here, even the named Plaintiff's acceptance of an offer necessarily would moot the class action claims.[3] There

---

[2] Though the majority reserved this issue for a later time, the remaining four justices suggested that tendering a check or depositing one with the district court would moot a plaintiff's individual claims. *See Campbell-Ewald Co.*, 136 S. Ct. at 675 (Thomas, J., concurring in judgment) (explaining that the lower court was not deprived of jurisdiction because the defendant did not make payment on either its Rule 68 offer or its freestanding offer of settlement,); *Id.* at 680 (Roberts, C.J., dissenting) (concluding that the defendant's offer provided complete relief to the plaintiff and that if there was any "question whether [the defendant] is willing and able to pay, there is an easy answer: have the firm deposit a certified check with the trial court"); *Id.* at 684 (Alito, J., dissenting) (noting that when a defendant makes it "absolutely clear" that the plaintiff will be able to receive the offered relief, the case is moot and further emphasizing that the "most straightforward way" to make the offer clear "is simply to pay over the money").

[3] Since *Campbell-Ewald*, district courts have split on the issue of whether tendering funds to a named plaintiff moots the plaintiff's individual and class claims. *See South Orange Chiropractic Center, LLC v. Cayan LLC*, No. 15-13069-PBS, 2016 WL 1441791, at *5–6 (D. Mass. Apr. 12, 2016) (summarizing those cases since *Campbell-Ewald* that have reached different conclusions as to whether tendering funds to the plaintiff moots his individual claims); *compare also, e.g.*, *South Orange Chiropractic Center, LLC*, 2016 WL 1441791, at *7 (concluding that the defendant's offer to deposit a check with the court to fully satisfy relief of the claim mooted the plaintiff's individual claims, but also concluding that the class action claims could proceed), *with Fauley v. Royal Canin U.S.A., Inc.*, 143 F. Supp. 3d 763, 765–66 (N.D. Ill. 2016) (remarking that it is "inappropriate to enter judgment on a named plaintiff's individual claims, 'over the

is little wisdom in relying on speculation to attempt to settle that issue at this juncture of the case, especially since resolution of the issue squarely before the court at this time does not require such. Instead, the court finds that the most reasonable path to take at this time is to deny Plaintiff's Motion and dismiss it as premature without prejudice. Plaintiff has leave to re-file its motion for class certification after it has conducted the discovery necessary to bring a fully briefed motion.

---

plaintiff's objection, before the plaintiff has had a fair opportunity to move for class certification'" (quoting *Chen v. Allstate Ins. Co.*, 819 F.3d 1136, 147 (9th Cir. 2016)).

    Just this month, in *Diana Mey v. N. Am. Bancard, LLC*, the Court of Appeals for the Sixth Circuit considered factual circumstances wherein the defendant made the plaintiff a Rule 68 offer of judgment before a motion for class certification was pending and briefed, an offer which presumably would have allowed the district court to dismiss the class claims as moot under relevant Sixth Circuit precedent. No. 14-2574, 2016 WL 3613395, at *2 (6th Cir. July 6, 2016). Anticipating that the defendant would do so, the plaintiff in that case had filed a motion for class certification along with her complaint in the lower court in an effort to prevent the defendant from issuing a Rule 68 offer of judgment to pick off the named plaintiff and avoid classwide litigation. *Id.* But the district court denied the plaintiff's motion for class certification as premature and instructed the plaintiff to renew her motion after the court set a discovery and scheduling order in place. *Id.* Before the court issued the scheduling order, the defendant made the plaintiff a Rule 68 offer of judgment. *Id.* The district court ultimately entered judgment in favor of the plaintiff under the offer's terms and also dismissed the class claims. *Mey v. N. Am. Bancard, LLC*, No. 14-CV-11331, 2014 WL 6686773, at *3 (E.D. Mich. Nov. 26, 2014). The defendant then responded to the United States Supreme Court's *Campbell-Ewald* ruling by mailing the plaintiff's attorney funds, which the plaintiff returned. *Diana Mey v. N. Am. Bancard, LLC*, No. 14-2574, 2016 WL 3613395, at *3 (6th Cir. July 6, 2016). Applying the *Campbell-Ewald* decision, the Sixth Circuit held that because the defendant's tendering of the funds did not moot the plaintiff's individual claims, the district court's decision to dismiss the class claims was also in error. *Id.* at *4.

    Relying on its own precedent, the Court of Appeals for the Ninth Circuit has gone further since the *Campbell-Ewald* decision, stating that "even if the district court entered judgment affording [the plaintiff] complete relief on his individual claims for damages and injunctive relief, mooting those claims, [he] would still be able to seek class certification." *Chen v. Allstate Ins. Co.*, 819 F.3d 1136, 1138 (9th Cir. 2016) (citing *Pitts v. Terrible Herbst, Inc.*, 653 F.3d 1081 (9th Cir. 2011).)

8

### III.    CONCLUSION

For the foregoing reasons, this court **DENIES** Plaintiff's Motion to Certify Class (ECF No. 6) without prejudice and with leave to refile.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

July 12, 2016
Columbia, South Carolina