**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION**

| | |
|---|---|
| Career Counseling, Inc., d/b/a Snelling Staffing Services, a South Carolina corporation, individually and as the representative of a class of similarly situated persons, ) ) ) ) ) ) ) Plaintiff, ) ) v. ) ) Amsterdam Printing & Litho, Inc., Taylor ) Corporation and John Does 1-10, ) ) Defendants. ) ) | Civil Action No. 3:15-cv-05061-JMC  **ORDER AND OPINION** |

Plaintiff Career Counseling, Inc. filed this action against Defendants Amsterdam Printing & Litho, Inc., Taylor Corporation, and John Does 1-10 (collectively "Defendants") seeking recovery of damages for injuries allegedly caused by Defendants' business practice of sending unsolicited facsimile ("fax") advertisements. (ECF No. 1.)

This matter is before the court pursuant to Plaintiff's Motion to Compel Defendants to produce documents containing the fax numbers used to transmit thirty faxes to Plaintiff and "exception" reports indicating unsuccessful attempts to send faxes. (ECF No. 50 at 1.) For the reasons set forth below, the court **DENIES** Plaintiff's Motion to Compel (ECF No. 50) without prejudice.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On December 28, 2015, Plaintiff filed a Complaint alleging that Defendants sent faxes containing unsolicited advertisements in violation of 47 U.S.C. § 227(b) (2015) ("Restrictions on Use of Phone Equipment"). (ECF No. 1.) Plaintiff sought redress from Defendants in the form of

1

"(i) injunctive relief enjoining Defendants, their employees, agents, representatives, contractors, affiliates, and all persons and entities acting in concert with them, from sending unsolicited advertisements . . . and (ii) an award of statutory damages in the minimum amount of $500 for each violation [of the statute], and to have such damages trebled." (ECF No. 1 at 2-3 ¶ 5.) Plaintiff then filed a Motion to Certify Class on January 4, 2016. (ECF No. 7.) On March 17, 2016, Defendants filed a Response in Opposition to the Motion to Certify Class. (ECF No. 21.) On July 12, 2016, the court denied Plaintiff's Motion to Certify Class as premature, without prejudice. (ECF No. 48.)

On December 8, 2016, Plaintiff filed a Motion to Compel Requests for Interrogatory Nos. 14, 28, 29, 39, and 40, claiming that disclosure is crucial for Plaintiff to timely file an expert witness report that demonstrates the "ascertainability" of the class. (ECF No. 50.) On December 22, 2016, Defendants filed a Response in Opposition (ECF No. 51), claiming that (1) "Plaintiff fails to demonstrate that the fax target lists are relevant to the ascertainability of the class," (2) "[t]he fax target lists are trade secrets, the disclosure of which could harm [Defendants]," and (3) "[t]his court should protect [Defendants'] customers from Plaintiff's attorneys' intrusion upon their privacy."

## II. LEGAL STANDARD

The amendment to Fed. R. Civ. P. 26 provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to the relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need

2

not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). The scope of discovery permitted by Rule 26 is designed to provide a party with information reasonably necessary to afford a fair opportunity to develop its case. *Nat'l Union Fire Ins. Co. of Pittsburgh, P.A. v. Murray Sheet Metal Co., Inc.,* 967 F.2d 980, 983 (4th Cir. 1992).

Fed. R. Civ. P. 33(b)(3) requires that each interrogatory must, to the extent there is no objection, be answered separately and fully in writing under oath. Fed. R. Civ. P. 34(a)(1)(A) permits a party to serve upon any other party a request within the scope of Rule 26(b) to produce and permit the requesting party to inspect, copy, test, or sample any designated tangible things. Fed. R. Civ. P. 34(b)(2)(B) requires that for each item or category, the response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the requests, including the reasons.

Fed. R. Civ. P. 37 states that "[o]n notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). "For purposes of [Rule 37(a)], an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4). Specifically, a party "may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B). Broad discretion is given to a district court's decision to grant or deny a motion to compel. *See, e.g.*, *Lone Star Steakhouse & Saloon, Inc., v. Alpha of Va., Inc.*, 43 F.3d 922, 929 (4th Cir. 1995).

### III. ANALYSIS

Plaintiff argues that the court must grant the instant motion because (1) Plaintiff's expert report is due January 27, 2017, (2) the information in the documents is at "the heart of that expert report," and (3) the information in the documents is necessary to satisfy the Fourth Circuit's implied "ascertainability of the class" requirement. (ECF 50-1 at 11.) Specifically, Plaintiff insists that Defendants be compelled to answer the following interrogatories:

> **Request No. 14:** For any document referred to in Request No. 1, all documents that indicate or may show the number of transmissions, via facsimile by or on behalf of you or Defendant Taylor to telephone numbers during the Relevant Time Period.
>
> **Request No. 28:** All documents that identify the persons and fax numbers to whom you sent by fax the document(s) attached to the Complaint as Exhibit A.
>
> **Request No. 29:** All documents that identify the person and fax numbers which were sent any document by fax during the Relevant Time Period.
>
> **Request No. 39:** All documents which describe, contain, list, set forth, or compose any part of the of persons [sic] and/or telephone numbers to which any documents referred to in Request No. 1 was sent by fax during the Relevant Time Period.
>
> **Request No. 40:** All documents which served as a source for any part of the of persons [sic] and/or telephone numbers to which any document referred to in Request No. 1 was sent by fax during the Relevant Time Period.

(ECF No. 50-1 at 3-4.)

In response, Defendants claim that Plaintiff's intention is "to determine which targets of Amsterdam's fax broadcasting campaigns were successfully transmitted fax advertisements, and are thus part of the class Plaintiff seeks to certify." (ECF No. 51 at 1.)

In this case, Plaintiff proposed the following class:

> All persons who (1) on or after four years prior to the filing of this action, (2) were sent telephone facsimile messages of material advertising the commercial availability or quality of any property, goods, or services by or on behalf of Defendants, and (3) which Defendants did not have prior express permission or invitations, or (4) which did not display a proper opt-out notice.

4

(ECF No. 1 at 4 ¶ 18.)

Plaintiff concedes that their desire to compel disclosure of the documents by Defendant is to "demonstrate who is in the class and who is not in the class and thus satisfy the Fourth Circuit's ascertainability requirement." (ECF No. 50-1 at 11.) The court notes that "ascertainability" is analogous to the "readily identifiable" requirement of class certification. *See EQT Prod. Co. v. Adair*, 764 F.3d 347 (4th Cir. 2014) (explaining that the court has "repeatedly recognized that Rule 23 contains an implicit threshold requirement that the members of a proposed class be 'readily identifiable' . . . [o]ur sister courts have described this rule as an 'ascertainability' requirement") (omitting citations). While it is accepted that discovery to determine class certification is permissible, *see Doctor v. Seaboard Coast Line Railroad Co.*, 540 F.2d 699, 707 n.25 (4th Cir. 1976), the court believes Plaintiff's motion is excessive because "the plaintiffs need not be able to identify every class member at the time of certification." *EQT Prods. Co v. Adair*, 764 F.3d 347, 358 (4th Cir. 2014). The court needs only objective criteria to readily identify the class members. *Id.* (citing *Marcus v. BMW of N. Am., LLC,* 687 F.3d 583, 593 (3d Cir. 2012).

Further, Plaintiff has not established class certification. (ECF No. 48.) Therefore, Plaintiff's desire to obtain information that identifies specific members of the class is excessive because, pursuant to Fed. R. Civ. P. 23, Plaintiff only needs to propose a class that is readily identifiable in reference to objective criteria. Consequently, Plaintiff's Motion to Compel documents from Defendant to determine the specific members of the class is not proportional to the needs of the case at this time.

5

## IV. CONCLUSION

For the reasons above, the court **DENIES** Plaintiff's Motion to Compel (ECF No. 50) without prejudice.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

January 23, 2017
Columbia, South Carolina

6